**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| BLUE FROG MOBILE, INC., a Washington corporation; BLUE MEDIA, INC., a Washington corporation; BLUE AUDIO INC, a Washington corporation; IAN EISENBERG, an individual; and RONALD ERICKSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-10, persons unknown,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiffs BLUE FROG MOBILE, INC., BLUE MEDIA, INC., BLUE AUDIO INC, IAN EISENBERG, and RONALD ERICKSON (collectively "Plaintiffs") hereby allege against DOES 1-10, persons unknown (collectively, "Defendants"), on personal knowledge as to Plaintiffs' own activities, and on information and belief as to the activities of others, as follows:

## I. NATURE OF THE CASE

1. This is an action seeking damages and injunctive relief for RICO violations arising out of criminal fraud, conspiracy to commit fraud, identify theft, and theft of services committed by multiple individuals and entities as yet unknown. Plaintiffs also seek to recover for Lanham Act violations,

COMPLAINT - 1

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**
505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  cybersquatting, violations of the Washington Consumer Protection Act, and tortious interferences with contractual relations.

2. Defendants have engaged in a wide-ranging, coordinated and sustained conspiracy to cause damages to Plaintiffs by fraudulently posing as Plaintiffs and purporting to enter into contractual obligations on behalf of Plaintiffs. The true breadth of Defendants' conspiracy is not fully known as Defendants have gone to great lengths to hide their true identity and the scope of their malicious conduct.

3. As of this filing, it is known that Defendants fraudulently ordered telephone services, registered domain names, and ordered goods and services falsely claiming to be Plaintiffs or their representatives. By way of example, Defendants registered the domain name <BlueMediaEnterprises.com>, which they intended to be confusingly similar to the true domain name of a plaintiff, and transmitted email messages from that domain name purporting to be from Plaintiffs and Plaintiffs' representatives.

4. While fraudulently purporting to act on behalf of Plaintiffs, Defendants ordered more than $109,000.00 in goods and services. To confirm their false order, Defendants ordered a phone number and recorded an outgoing message falsely claiming to be Ian Eisenberg, a plaintiff; and Defendants signed contracts purporting to be Ronald Erickson, a plaintiff.

5. Defendant's conspiracy has caused and continues to cause substantial damages to Plaintiffs. The scope of Defendant's conspiracy is unknown, but it is likely that Plaintiffs are aware of just the tip of the iceberg of Defendant's fraudulent acts. Only through third party subpoenas and discovery will Plaintiffs be able to discover the scope of Defendant's fraud.

## II.  THE PARTIES

6. Plaintiff BLUE FROG MOBILE, INC. ("Blue Frog") is a Washington corporation with its principal place of business in Seattle,

1 Washington.

2     7.    BLUE MEDIA, INC. is a Washington corporation with its principal place of business in Seattle, Washington, and a wholly owned subsidiary of plaintiff Blue Frog Mobile, Inc.

    8.    BLUE AUDIO INC is a Washington corporation with its principal place of business in Seattle, Washington, and a wholly owned subsidiary of plaintiff Blue Frog Mobile, Inc.

    9.    IAN EISENBERG is an individual whose principal place of business is in Seattle, Washington. Mr. Eisenberg is the president of plaintiff Blue Frog Mobile, Inc.

    10.    RONALD ERICKSON is an individual whose principal place of business is in Seattle, Washington. Mr. Erickson is the chief executive officer of plaintiff Blue Frog Mobile, Inc.

    11.    Defendants DOES 1-10 are individuals and entities who have targeted their unlawful activities alleged herein against Plaintiffs in King County, Washington.

### III. JURISDICTION AND VENUE

    12.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the action involves claims arising under 18 U.S.C. §§ 1961, *et seq.* and 15 U.S.C. § 1125.

    13.    This Court also has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

    14.    This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

    15.    Additionally, this Court has pendant jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b).

    16.    This Court has personal jurisdiction over the defendant pursuant

1  to FED R. CIV. P. 4(k)(1)(A) because Defendants are subject to the jurisdiction
2  of a court of general jurisdiction in the state of Washington.

3      17.    Defendants are subject to jurisdiction of this forum because
4  Defendants purposefully availed themselves of this forum by targeting their
5  unlawful activities against Plaintiffs in this state.  By way of example and not
6  limitation, Defendants registered a telephone number with a two-zero-six
7  (206) area code, which identifies Seattle based telephone numbers.

8      18.    Additionally, Defendants targeted their malicious conduct at
9  Plaintiffs by registering the domain name <BlueMediaEnterprises.com>,
10 which Defendants registered with the intent of infringing Plaintiffs'
11 trademarks.  Defendants also sent emails through that domain name to third
12 parties, and purported to order goods and services on behalf of Plaintiffs, who
13 are located in Seattle, Washington.  Defendants identified the technical and
14 administrative contacts for <BlueMediaEnterprises.com> as located on 500
15 Union Street, Seattle, WA.

16     19.    This Court is the proper venue for this action pursuant to 28
17 U.S.C. § 1391(a)(2) and 28 U.S.C. § 1391(b)(2) because a substantial part of
18 the events or omissions giving rise to the claims occurred in this judicial
19 district.

## IV.  FACTS

21     20.    Plaintiff Blue Frog Mobile, Inc. is a Seattle-based business that
22 markets and distributes entertainment and media content accessible via
23 mobile electronic devices, including mobile phones.  Blue Frog has hundreds
24 of thousands of customers.

25     21.    Blue Frog enjoys a reputation as a preeminent provider of mobile
26 content services.  Customers recognize Blue Frog as the source of cutting edge
27 products and services as well as a company that provides secure, reliable
28 transactions and excellent customer services.

COMPLAINT - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

22. Blue Frog has established itself as a leader in its industry, and in so doing has attracted investment and media attention.

23. Plaintiffs Blue Media, Inc. and Blue Audio Inc are Blue Frog's wholly owned subsidiaries.

24. On or about April 4, 2006, Plaintiffs became aware of an order for a substantial amount of telecommunications goods and services, fraudulently and purportedly on behalf of Plaintiff Blue Audio Inc, from CenturyTel, a third party company located in Alabama. None of the plaintiffs ordered goods or services from CenturyTel.

25. Upon investigation, CenturyTel reported that, starting in December 2005, it received a series of emails from multiple parties from the domain name <BlueMediaEnterprises.com> in the course of negotiations for the ordering of more than $100,000.00 worth of goods and services from CenturyTel. CenturyTel received emails from the email addresses IanEisenberg@bluemediaenterprises.com, RonaldErickson@bluemediaenterprises.com, and PattyMorrow@bluemediaenterprises.com. Ian Eisenberg is Blue Frog's president; and Ronald Erickson is Blue Frog's chief executive officer.

26. Defendants sent multiple emails and made multiple interstate telephone calls over a period of several months to perpetrate their fraud against Plaintiffs.

27. Defendants registered the domain name <BlueMediaEnterprises.com> through the Internet registrar GoDaddy.com. Defendants fraudulently represented to GoDaddy that the administrative and technical contacts for said domain name are: "Robert Hassle, Hassle Firm, 500 Union Street, Seattle, WA 98101". Those addresses and names are fraudulent. Blue Frog once leased space at 500 Union Street, but it did not register the domain name. Defendants fraudulently represented to GoDaddy

COMPLAINT - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

that the telephone number to be associated with the <BlueMediaEnterprises.com> account is the actual customer support number for Blue Frog.

28. Defendants' fraudulent order to CenturyTel identified a telephone number for Plaintiff Ian Eisenberg, Blue Frog's president, at (206) 299-9490. Ian Eisenberg has never had such a telephone number. Defendants' fraudulent (206) 299-9490 number had an outgoing voice mail message by a person fraudulently claiming to be Ian Eisenberg. However, the voice on the message was not Ian Eisenberg's voice.

29. The fraudulent telephone number was registered through PacWest, a California based telecommunications company.

30. The fraudulent order for services from CenturyTel was done through a written contract transmitted over phone lines with a fraudulent signature purportedly from Plaintiff Ronald Erickson, Blue Frog's president. The signature on the contract is not Mr. Erickson's signature.

31. Defendants intentionally caused CenturyTel to believe that it received an order from Blue Frog.

32. Defendants have conspired together and associated with one another for the purpose of unlawfully causing damages against Plaintiffs. Defendants unlawful scheme is elaborate and has required the cooperation of multiple parties over a period of many months. The scheme required registering phone numbers, domain names, and likely required the use of a credit card. Furthermore, Defendants have undertaken substantial and sustained efforts to hide their true identities and to appear to be representatives of Plaintiffs.

33. Defendants' conduct constitutes wire fraud in violation of 18 U.S.C. § 1343, identity theft, misappropriation, inter-state theft, and other violations of state and federal laws.

COMPLAINT - 6

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## V. FIRST CAUSE OF ACTION
## VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. §§ 1961, *et seq.*
**By All Plaintiffs Against Defendants**

34. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 33 above as though fully set forth herein.

35. Defendants have engaged, and continue to engage, in a pattern of criminal, unlawful and fraudulent conduct through a pattern of conduct over a sustained period of time intended to damage Defendants.

36. Defendants devised a complex scheme to defraud Plaintiffs by entering into contractual relationships falsely claiming to be Plaintiffs or representatives of Plaintiffs.

37. Defendants scheme could not have been perpetrated without multiple coordinated unlawful acts by multiple parties over an extended period of time.

38. Defendants scheme constitutes a criminal enterprise.

39. Defendants used the interstate wire lines to perpetuate their unlawful scheme by sending emails, facsimiles and telephone to third parties with the specific intent to defraud and deceive.

40. Defendants registered a domain name through an Arizona-based company, GoDaddy.com, and sent out emails from that domain name fraudulently purporting to be representatives of Plaintiffs to enter into contractual relationships. Defendants emails were sent over a period of at least four months, commencing on or prior to December 2005.

41. Defendants sent emails fraudulently purporting to be from Plaintiffs and ordered goods and services from an Alabama-based company, CenturyTel which were valued in excess of $100,000.00. Plaintiffs never authorized the ordered goods and services.

42. The aforementioned emails were sent over wire lines.

COMPLAINT - 7

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

43. Defendants caused a contract with CenturyTel to be signed with a forged signature purporting to be Plaintiff Ronald Erickson, Blue Frog's chief executive officer. Defendants sent the forged signature and fraudulent contract over wire lines via facsimile.

44. Defendants registered a phone number through a California-based telecommunications company, PacWest, and recorded an outgoing message falsely claiming to be plaintiff Ian Eisenberg, Blue Frog's president. Defendants used this false phone number to confirm their false orders for goods and services.

45. Defendants registered domain names, telephone numbers, and ordered goods and services purportedly on behalf of Plaintiffs with the specific intent to deceive and defraud Plaintiffs and third parties.

46. Defendants' actions have in the past and continue to presently have an affect on interstate commerce.

47. Defendants' enterprise is ongoing.

48. Defendants' enterprise is comprised of various associates functioning as continuing unit for the common purpose of defrauding businesses in interstate commerce.

49. Defendants' enterprise exists separate and apart from the pattern of activity in which it engages as alleged herein.

50. Defendants actions constitute multiple sustained violations of the Federal wire fraud act, 18 U.S.C. § 1343, as well as other state and federal criminal statutes.

51. Defendants' actions proximately caused Plaintiffs damages to their business and property.

## VI. SECOND CAUSE OF ACTION
### CYBERSQUATTING IN VIOLATION OF 15 U.S.C. § 1125(d)
### By Blue Frog and Blue Media, Inc. against all Defendants

52. Plaintiffs incorporate the allegations set forth in paragraphs 1

through 51 above as though fully set forth herein.

53. Defendants registered the domain name <BlueMediaEnterprises.com> (the "Domain Name").

54. The Domain Name is confusingly similar to Blue Frog's trademarks, BLUE FROG and BLUE MEDIA.

55. At the time Defendants registered the Domain Name, Blue Frog's trademarks were distinctive.

56. The Domain Name is confusingly similar to Blue Media, Inc.'s name.

57. Defendants have used the Domain Name.

58. Defendants had at the time of registration and use of the Domain Name, and have now, a bad faith intent to profit from Blue Frog's BLUE FROG and BLUE MEDIA trademarks, and from Blue Media, Inc.'s name.

59. Defendants have no trademark or other intellectual property rights in BLUE FROG or BLUE MEDIA or BlueMediaEnterprises.com.

60. No defendant is commonly known nor identified as BlueMediaEnterprises, Blue Frog, or Blue Media.

61. Defendants have never used the Domain Name in connection with the bona fide offering of any goods or services.

62. Defendants have never made a bona fide noncommercial or fair use of BLUE FROG, BLUE MEDIA, or BlueMediaEnterprises in a site accessible under the Domain Name.

63. Defendants' intent in registering and using the Domain Name was to use the Domain to perpetrate a fraud against Plaintiffs and others.

64. Defendants' intent in registering and using the Domain Name was for commercial gain and with the intent to tarnish or disparage Blue Frog's trademarks, and Blue Media's name, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement.

65. Defendants provided material and misleading false contact information when applying for the registration of the Domain Name.

66. Defendants have intentionally failed to maintain accurate contact information for the Domain Name.

67. Defendants' use and registration of the Domain Name was not and is not, and Defendants did not and do not have reasonable grounds to believe that the use of the Domain Name is or was, a fair use or otherwise lawful.

68. The Court should order the forfeiture or cancellation of the Domain Name or the transfer of the domain name to Blue Frog.

## VII. THIRD CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a)
### By All Plaintiffs against All Defendants

69. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 68 above as though fully set forth herein.

70. Defendants, on or in connection with the purchase of goods or services, used in commerce Blue Frog's trademark BLUE FROG, the name Blue Frog Mobile, the name Blue Audio, and the name Blue Media.

71. Defendants, on or in connection with the purchase of goods or services, used in commerce the names of Ian Eisenberg and Ronald Erickson.

72. Defendants' use of Blue Frog's name and trademark was a false designation of origin, a false description of fact, and a false representation of fact, which is likely to, and did, cause confusion, mistake, and deception as to the affiliation, connection, or association of Blue Frog with Defendants, as to the commercial activities by Defendants.

73. Defendants' uses of the names of Ian Eisenberg, Ronald Erickson, Blue Frog, Blue Media, and Blue Audio were false designations of origin, false descriptions of fact, and a false representations of fact, which are likely to, and did, cause confusion, mistake, and deception as to the affiliation,

connection, or association of Plaintiffs with Defendants, as to the commercial activities by Defendants.

74. Therefore, Defendants committed a violation of Lanham § 43(a) and are liable to Blue Frog as a result.

### VIII. FOURTH CAUSE OF ACTION
### VIOLATION OF R.C.W. § 9.35.020, IDENTITY THEFT
#### By All Plaintiffs against All Defendants

75. Plaintiff incorporates the allegations set forth in paragraphs 1 through 74 above as though fully set forth herein.

76. Defendants knowingly obtained, possessed, used Plaintiffs' identification with the intent to commit, or to aid or abet, a crime.

77. Defendants used phone numbers, email addresses and domain names which were intended to identify Plaintiffs and fraudulently enter into contractual obligations in excess of $100,000.00.

78. Defendants' actions caused Plaintiffs substantial damages.

### IX. FIFTH CAUSE OF ACTION
### MISAPPROPRIATION OF PERSONALITY RIGHTS, RCW § 63.60.050
#### By Ian Eisenberg and Ronald Erickson against all Defendants

79. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 78 above as though fully set forth herein.

80. Without authorization by Ian Eisenberg or Ronald Erickson, Defendants have used and/or authorized the use, and continue to use and/or authorize the use, of Messrs. Eisenberg's and Erickson's name, voice, signature, and identity in commerce in the state of Washington for purposes of advertising products, merchandise, goods, or services.

81. Defendants do not have the consent of Messrs. Eisenberg and/or Erickson to misappropriate their names, voices, signatures or identities.

82. Therefore, Defendants are liable for infringing Messrs. Eisenberg's and Erickson's personality rights.

83. Messrs. Eisenberg and Erickson are entitled to their actual

COMPLAINT - 11        NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP    505 Fifth Ave. S., Ste. 610  Seattle, Washington 98104  (206) 274-2800

damages, attorneys' fees, expenses, and costs pursuant to RCW § 63.60.060.

## X. SIXTH CAUSE OF ACTION
## CONSUMER PROTECTION ACT, RCW § 19.86.020, *et seq.*
## By all Plaintiffs against All Defendants

84. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 83 above as though fully set forth herein.

85. By posing as Plaintiffs in ordering goods and services, Defendants committed unfair and deceptive acts.

86. Defendants' unfair and deceptive acts occurred in trade and practice because the acts were for the purpose of purchasing goods and services in interstate commerce.

87. As a result of Defendants' unfair and deceptive acts, the public interest has been impacted.

88. As a result of Defendants' unfair and deceptive acts, Plaintiffs have suffered injuries in their business and property.

89. Plaintiffs' injuries are as a direct causal result of Defendants' unfair and deceptive acts.

## XI. SEVENTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
## By All Plaintiffs against All Defendants

90. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 89 above as though fully set forth herein.

91. Plaintiffs have valid contractual relationships or business expectancies with its business partners, and with consumers who purchase their services.

92. Defendants knew of said relationships and business expectancies between Plaintiffs and their partners and customers.

93. Defendants intentionally interfered with said relationships and business expectancies by inducing or causing, or attempted to induce or cause, breaches or terminations of those relationships or business

COMPLAINT - 12

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

expectancies.

94. Defendants' interference was for an improper purpose.

95. Defendants used improper means to cause the interference.

96. Defendant's interference with Plaintiffs' relationships and business expectancies caused Plaintiffs to suffer damages.

97. Those damages include loss of customers, revenue, and goodwill.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants, and in favor of Plaintiffs, as follows:

1. <u>Compensatory Damages in Amount of Lost Revenue and Expenses</u>. That Defendants be required to pay damages to Plaintiffs in the amount of Plaintiffs' lost revenue and expenses arising out of Defendants' unlawful conduct as alleged herein.

2. <u>Compensatory Damages in Amount of Lost Goodwill</u>. That Defendants be required to pay damages to Plaintiffs in an amount equal in value to Plaintiffs' lost goodwill and reputation as a result of Defendants' unlawful conduct as alleged herein.

3. <u>Compensatory Damages in Amount of Defendant's Gain</u>. That Defendants be required to pay damages to Plaintiffs in the amount of all revenue Defendants have generated from the unlawful conduct alleged herein.

4. <u>Injunction</u>. That the Court issue a preliminary and permanent injunction restraining and enjoining Defendants from further unfair competition with Plaintiffs, and from the other unlawful conduct alleged herein.

5. <u>Attorneys' Fees and Costs</u>. That the Court award Plaintiffs its attorneys' fees and costs pursuant to 15 U.S.C. § 1117, RCW § 19.86.090, RCW § 63.60.060, and other applicable statutes.

1    6.    <u>Treble Damages</u>.  That the Court award Plaintiffs three times their actual damages pursuant to 15 U.S.C. § 1117(b) and RCW§ 19.86.090.

7.    <u>Statutory Damages</u>.  That the Court award Plaintiffs statutory damages pursuant to 15 U.S.C. § 1117(d).

8.    <u>Other Equitable Relief</u>.  That the Court grant such other and further relief to Plaintiffs as the Court shall deem just and equitable.

Dated this 28th day of April, 2006.

Respectfully Submitted,

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _/s/ Roger M. Townsend_

Derek A. Newman, WSBA 26967
Roger M. Townsend, WSBA 25525

Attorneys for Plaintiffs

COMPLAINT - 14